## JAMES McARDLE v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

November 30, 1917.

No. 20,363.

**Carrier — damage to live stock — verdict not vacated for inadequacy.**

1. The verdict is not so clearly inadequate as to justify this court in setting it aside on that ground.

[1]Reported in 165 N. W. 232.

**Appeal and error — harmless error cured by verdict.**

2. Where the court instructed the jury that if certain facts were established plaintiff could not recover, a verdict for plaintiff necessarily found that such facts had not been established, and the giving of such instruction, although erroneous, is not ground for reversal.

**Same — expression of opinion by trial judge.**

3. An expression of opinion by the trial judge as to a disputed fact is not reversible error when the jury did not adopt the view so expressed. Neither was it reversible error to limit the damages recoverable to those which necessarily resulted from the breach of the contract where no claim was made that the damages proven were not the necessary result of the alleged breach.

Action in the municipal court of Waseca to recover $217.85. The facts are stated in the opinion. The case was tried before Childress, J., and a jury which returned a verdict for $50. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Moonan & Moonan,* for appellant.

*F. W. Root, Nelson J. Wilcox* and *Henry M. Gallagher,* for respondent.

TAYLOR, C.

Plaintiff resides four or five miles from Matawan, Minnesota, from which station he occasionally ships live stock over defendant's railway. By previous arrangement, defendant had agreed to furnish him a car on Saturday, February 6, 1915, in which to ship a carload of stock from Matawan to Chicago. He brought his stock, consisting of cattle, sheep and hogs, to Matawan on Saturday, but the station agent, having been informed that the stock train would not run on that day, refused to receive them for shipment on that date, and they remained in the stockyards until the following Monday when they were shipped out, and on Tuesday evening arrived at Milwaukee which was substituted for Chicago as the place of delivery.

If the stock had been shipped on Saturday it would have reached its destination in time to have been placed on the market on Monday, but not arriving until Tuesday evening it could not be placed upon the market until Wednesday. Plaintiff claims that the market price

on Wednesday was less than the market price on Monday, and that the animals had shrunk in weight, on account of exposure during the delay, much more than they would have shrunk had they been transported promptly.

Plaintiff brought suit for these two items of damage and also for an item of $20 admitted to be due him for two hogs which had been killed, and recovered a verdict for $50. He made a motion for a new trial and appealed from an order denying his motion.

Plaintiff bases his appeal upon the ground that the verdict is inadequate, and that the court erred in its instructions to the jury.

To warrant this court in granting a new trial on the ground that the damages are inadequate, it must so clearly appear that the plaintiff, if entitled to recover at all, is entitled to an amount substantially larger than the jury awarded him that the court can say that the failure of the trial court to grant a new trial was an abuse of discretion. 2 Dunnell, Minn. Dig. §§ 7136, 7141. While, under the evidence presented, the jury could have allowed a larger amount as damages, we are unable to say that such damages so clearly exceeded the amount allowed as to justify this court in setting aside the verdict after it has been approved by the trial court.

The court instructed the jury that defendant was not liable if it had been prevented from shipping the stock on Saturday by a storm or blizzard, and defendant urges this as error, for the reason that no such defense had been pleaded in the answer. It is sufficient to say that, under this instruction, the verdict necessarily found as a fact that defendant had not been prevented by a storm from making the shipment and necessarily eliminated such claim from the case. 2 Dunnell, Minn. Dig. § 7171.

Defendant contended that it had notified plaintiff, before he started to bring his stock to Matawan, not to bring them in on Saturday as they could not be shipped on that day. Plaintiff denied receiving any such notice.

The court instructed the jury to the effect that if plaintiff had received such notice he could recover only for the two hogs which had been killed. Plaintiff insists that defendant could not cancel the contract to furnish the car in that manner, and that this instruction was

error. But the jury have also eliminated this question by finding the fact to be as claimed by plaintiff; for, under the instruction, they could not return a verdict for more than $20 without finding that plaintiff had not received such notice.

It is urged as error that the judge, in his charge, remarked that he thought it practically undisputed that the notice had been given. But he immediately followed this remark by stating that the burden was upon the defendant to satisfy the jury by a fair preponderance of the evidence that the notice had been given, and that plaintiff was entitled to recover if it had not. For the judge to express an opinion as to a question of fact is not ground for reversal, in a civil action, where the question is left to the jury to determine, especially where, as here, the jury did not adopt the view expressed by the judge. 3 Dunnell, Minn. Dig. § 9785.

Plaintiff also insists that the court erred in charging the jury that the burden was upon him to show that his damages were, "the natural and necessary result" of the breach of the contract; and urges in support of this contention that the damages recoverable are not limited to those which necessarily followed from the breach, but include any other damages which naturally and proximately resulted therefrom. The expression used may not have been quite accurate, but no question was raised at the trial upon which this distinction had any bearing. No claim was made that the damages proven, or any thereof, were not a necessary consequence of the breach of the contract, if in fact there had been an unexcused breach of it. It is clear that no prejudice resulted to plaintiff from this statement. Under such circumstances, the expression used falls within the class of inaccuracies to which attention should have been called at the trial if plaintiff deemed it of any importance.

Order affirmed.